# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEN VANDO, | Civil Action No. 2: 15-cv-1309 |
| Petitioner, | United States District Judge Cathy Bissoon |
| v. | |
| ROBERT GILMORE, Superintendent; DEPARTMENT OF CORRECTIONS, and STATES ATTORNEY GENERAL, | United States Magistrate Judge Cynthia Reed Eddy |
| Respondents. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Len Vando, pursuant to 28 U.S.C. § 2241, be dismissed for failure to state a claim and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Len Vando ("Petitioner" or "Vando") is a state prisoner currently confined at the State Correctional Institution Greene. Vando requests this Court to issue a writ of habeas corpus directing his transfer to a federal institution pursuant to 18 U.S.C. § 5003.

#### A. Background

In January 2005, a federal grand jury sitting in the United States District Court for the Eastern District of Pennsylvania returned a 26-count indictment against Vando, a/k/a Angel Aviles, and sixteen co-defendants. Vando was charged in four counts, to wit: Count 1 - Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d); Count 21 - Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. §

1

1959(a)(5); Count 22 - Use/Carrying a Firearm During Crime of Violence in violation of 18 U.S.C. § 924(c) and Aiding and Abetting, in violation of 18 U.S.C. § 2; and Count 24 - Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5). On March 22, 2006, a jury convicted Vando on Count 24, and found him not guilty on Counts 1, 21, and 22. Vando was sentenced on July 31, 2006, to 108 months imprisonment, to be followed by 3 years of supervised release. (*See* Criminal Docket for Case No. 2:05-cr-00044 (E.D. Pa)).

On or about December 23, 2010, while in federal custody, Vando was transferred via writ to state custody for trial before the Court of Common Pleas of Philadelphia County, Criminal Section. (Writ of Habeas Corpus Ad Prosequendum, ECF No. 4-1). On April 25, 2011, following a jury trial, Vando was convicted of third degree murder. (Report and Recommendation, ECF No. 19, *Vando v. Folino*, CA No. 13-6781 (E.D.Pa. Nov. 3, 2014)). On August 18, 2011, he was sentenced to 20 to 40 years incarceration. (*Id.*) At the conclusion of the proceedings, Vando was returned to federal custody. (Writ of Habeas Corpus Ad Prosequendum, ECF No. 4-1).

On December 12, 2012, Vando was released from federal custody based on good conduct time release. (Release & Gratuity Information, ECF No. 4-1). He was immediately released to state custody pursuant to a detainer which had been issued by the Philadelphia County Sheriff's Office. (*Id.*)

Vando does not attack his conviction or sentence. Rather, he seeks a writ of habeas corpus directing his transfer to a federal institution pursuant to 18 U.S.C. § 5003.

**B.    Discussion**

Vando's petition for a writ of habeas corpus can be summarily denied for two reasons. First, he cannot proceed under § 2241. Because he is a state inmate in custody pursuant to a state

court judgment of sentence, any request for habeas corpus relief that he pursues must be made under 28 U.S.C. § 2254. Second, Vando's petition must be denied in that his claims are not cognizable in a federal habeas corpus action.[1]

Vando requests this Court to grant a writ of habeas corpus directing his transfer to a federal institution pursuant to 18 U.S.C. § 5003(a).[2] Vando asserts that "he is not a distructive inmate and is low custody inmate who has already spent seven in a half years in a federal prison and is more adapt to the Bureau of Prisons." Pet. at 5.

It is well-established that a state prisoner has no inherent constitutional right to be housed in a particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983) (interstate transfer of state prisoner); *Meachum v. Fano*, 427 U.S. 215, 225–28 (1976) (intrastate transfer of state prisoner). Prison officials have discretion to effect a transfer and, generally, the exercise of that discretion implicates neither due process nor equal protection claims. A state prisoner may seek federal habeas corpus relief <u>only</u> if the prisoner is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254(c).

Having examined the record, the Court finds that Vando has failed to state a claim upon which federal habeas relief may be granted. Therefore, it is recommended that Vando's § 2241 petition be dismissed.

---

[1] Because Vando cannot proceed with his claims in a habeas corpus action, the Court will not convert his petition into one filed pursuant to 28 U.S.C. § 2254.

[2] Title 18, United States Code, § 5003, entitled "Custody of State offenders," authorizes the Director of the Bureau of Prisons to contract "with proper officials of a State or territory, for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or territory."

**Certificate of Appealability**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Vando has failed to allege the denial of a constitutional right that would entitle him to habeas relief, let alone demonstrate a substantial showing of the denial of such a right. Accordingly, it is recommended that no certificate of appealability should issue.

**Conclusion**

For all of the above reasons, it is respectfully recommended that Vando's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed for failure to state a claim and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

Dated: April 29, 2016

cc: LEN VANDO
KV-5097
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

Mary Lynch Friedline
Office of Attorney General
(via ECF electronic notification)